UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

HANNIBAL ABDULLAH-EL,

                Plaintiff,

   v.

KING COUNTY MUNICIPAL COURT, et al.,

                Defendants.

Case No. 14-cv-1437RSM

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

      Plaintiff Hannibal Abdullah-El filed this civil rights complaint under 42 U.S.C. § 1983 *pro se* and *in forma pauperis*. *See* Dkt. # 3 ("Compl."). Plaintiff alleges violations of his constitutional rights arising out of his 2012 confinement at the King County Jail and transfer to the Western State Hospital for psychiatric evaluation. Dkt. # 3. Plaintiff brings his Complaint against thirty-five named individual and entity defendants as well as various unnamed judicial, municipal, and county officers. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915(e), the Court declines to serve Plaintiff's Complaint on Defendants and provides him leave to file an amended pleading to cure the deficiencies identified herein.

## Applicable Legal Standards

      Rule 8(a) of the Federal Rules of Civil Procedure provides that in order to state a claim for relief, a pleading must contain: (1) a short and plain statement of the grounds for the

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND - 1

Court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness, and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

The pleading may not simply allege that a wrong has been committed and demand relief for it. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Rather, the underlying requirement is that a pleading give "fair notice" to defendants of the claim being asserted and the "grounds upon which its rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). To meet this requirement, the complaint must allege sufficient facts that, accepted as true, state a plausible claim to relief. *Ashcroft,* 556 U.S. at 678. "[N]aked assertions devoid of further factual enhancement" will not do; neither will "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (internal alterations and quotations omitted). In sum, the factual allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 5445, 555 (2007).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy this second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978).

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND - 2

However, a municipality cannot be held liable under § 1983 based on its vicarious liability for its employees. *Id.* Rather, a plaintiff seeking to impose liability on a municipality (or county) under § 1983 must identify a municipal (or county) "policy" or "custom" that caused his injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). In other words, a plaintiff must allege that the defendant's own conduct violated his civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-92 (1989).

**Discussion of Plaintiff's Complaint**

The Court finds that Plaintiff's Complaint does not comply with the standards set forth above and is subject to dismissal prior to service under 28 U.S.C. § 1915(e) for failure to state a claim and for seeking monetary relief against defendants who are immune from suit. Specifically, the Court alerts Plaintiff to the following deficiencies in his Complaint:

(1) Plaintiff's Complaint is generally deficient because it fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a). Plaintiff's Complaint, which including attachments totals 140 pages, is lengthy, confusing, and insufficient to put any of the purported defendants on notice of Plaintiff's claims against them or the grounds on which these claims rest. The Complaint lacks all of the requisite elements, including a concise statement of the Court's jurisdiction, of the cause or causes of action asserted, and of the relief that he seeks. The Complaint in its substance lacks specific factual allegations against the named Defendants, the majority of whom are mentioned only in the case caption. Rather, it consists principally of lengthy citations from Plaintiff's psychiatric reports entirely disconnected from any legal claim. Such a pleading will not do. Instead, Plaintiff must file a concise complaint, which clearly identifies each defendant, the claims he intends to assert against each defendant, the specific facts which he believes support his claims against each defendant, and the relief to which he believes he is entitled.

(2) As to the specific defendants identified by Plaintiff in his Complaint, the pleadings are insufficient in the following respects:

    a. Plaintiff identifies various county and municipal entities as defendants, including King County Municipal Court, Snohomish County Municipal Court, and the Seattle Police Department. However, "in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued." *Nolan v. Snohomish County*, 59 Wn.App. 876, 883, 802 P.2d 792 (1990). The same principle holds for municipal entities. *See Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (dismissing Seattle Police Department as an improper defendant). If Plaintiff elects to pursue a claim against King County, Snohomish County, or the City of Seattle, he must specifically identify the County and/or City as a defendant in this action and must identify, with specificity, the custom or policy of this entity which allegedly caused his injuries.

    b. Plaintiff also appears to identify various Washington State agencies in his Complaint as defendants, including the "Dept. of Licensing," the "Toll Enforcement Office," "Labor and Industries (Washington State)," the Washington Department of Social and Health Services ("DSHS"), and Western State Hospital. These entities are also not proper defendants in this action. The United States Supreme Court has made clear that neither a state nor its officials acting in their official capacities are "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). States and state agencies are immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v. Maine*, 527 U.S. 706 (1999). The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Washington*, 534 F.Supp. 774 (E.D. Wash. 1982). Accordingly, these defendant state entities are immune from suit. *See Banks v. Washington*, 2009 WL 3831539 (W.D. Wash. 2009) (specifically identifying Western State Hospital as an improper § 1983 defendant).

    c. So too, the several judicial officers named in Plaintiff's Complaint are entitled to absolute immunity from suit under the doctrine of judicial immunity for acts that relate to

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND - 4

the judicial process. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). This immunity insulates judges from liability even when it is alleged that their actions were driven by malicious or corrupt motives. *See Forrester v. White*, 484 U.S. 219, 225 (1988). Further, the Supreme Court has extended absolute quasi-judicial immunity to non-judicial officers for "claims relating to the exercise of judicial functions." *Curry v. Castillo*, 297 F.3d 940, 947 (2001) (quoting *Burns v. Reed*, 500 U.S. 478, 499 (1991)); *see also In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) (*Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985)). Absent facts specifically showing that these officers acted completely outside of judicial capacity or jurisdiction, they are not proper defendants in this action. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

  d. Plaintiff also named two federal agencies, the Social Security Administration and the Internal Revenue Service, as defendants though without stating any specific allegations against them. Section 1983 imposes liability on persons acting under color of state law. *See Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A federal agency is not a person within the meaning of section 1983. *See Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011). Thus Plaintiff cannot, as a matter of law, state a cause of action under section 1983 against either of these federal agencies. Outside of the § 1983 context, a plaintiff may seek redress for a violation of a constitutionally protected interest by a federal official pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). However, the Supreme Court has held that federal agencies (as opposed to individual, named federal officers) are not subject to liability for damages in such a so-called *Bivens* action. Plaintiff therefore cannot proceed against these Defendants as to alleged deprivations of his constitutional rights.

  e. Finally, Plaintiff names numerous defendants in his case caption against whom his Complaint is entirely devoid of factual allegations. As to all Defendants, Plaintiff must allege sufficient, specific facts demonstrating that they personally participated in the violation of his federal constitutional rights and that they did so acting under color of state law.

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND - 5

Otherwise, Defendants against whom no factual allegations are stated must be dismissed from this action.

## CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's Complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e) for failure to state a claim and for seeking monetary relief against defendants who are immune from suit. Accordingly, the Court declines to serve Plaintiff's Complaint and hereby ORDERS as follows:

(1) Plaintiff's Motion to Appoint Counsel (Dkt. # 4), Motion for Serving Summons, Subpoena, and Complaint (Dkt. # 5), and Motion for Summary Judgment (Dkt. # 6) are DENIED as MOOT.

(2) Plaintiff is granted leave to amend his Complaint in order to correct the deficiencies described above. Plaintiff may file an amended complaint curing these deficiencies within **thirty (30) days** of the entry of this Order. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, this action will be dismissed under 28 U.S.C. § 1915(e).

(3) Plaintiff is advised that the amended complaint operates as a complete substitute for his original pleading. *See Ferdik v. Bonzelet*, 963 F.3d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendants, the constitutional claim or claims asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested. Failure to comply with the pleading standards described herein will also result in the dismissal of this action with prejudice and without leave for further amendment.

(4) Plaintiff is again advised (*see* Minute Order, Dkt. # 13) that he must redact (i.e. black-out or remove) sensitive personal identifying information from any of his electronic or paper filings in this case. *See* Fed. R. Civ. P. 5.2; LCR 5.2. Information that must be redacted in whole or in part includes Plaintiff's date of birth, social security number,

passport number, and driver's license number. *See* LCR 5.2. The Clerk is DIRECTED to SEAL the exhibits posted by Plaintiff at Dkt. # 14, which include such sensitive personal identifying information in contravention of the Court's earlier Minute Order. Plaintiff is advised that any further filings containing his un-redacted date of birth, social security number, passport number, or driver's license number will be returned to him and will not be filed in this case.

DATED this 28 day of January 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE